FILED

2021 Aug-23  PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CAROL J. FORGE-HATCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| | ) | |
| **REGIONS BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4) and

28 U.S.C. §§ 2201 and 2202.  This is an employment discrimination suit authorized and instituted pursuant to an Act of Congress known as the Title VII of the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1866," 42 U.S.C. § 1981, and the "Age Discrimination in Employment Act of 1967," 29 U.S.C. § 623, *et seq*., as amended.  The jurisdiction of this Court is invoked to secure the protection of and to redress deprivation of rights secured by these laws, providing relief against race, sex and age discrimination in employment.

2.      The unlawful employment practices alleged herein were committed by Regions Bank ("Regions" or "Defendant") in the Northern District of Alabama. Thus, venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

**PARTIES**

3.      The Plaintiff, Carol J. Forge-Hatcher ("Forge-Hatcher" or "Plaintiff"), is an

African-American citizen of the United States and is a resident of Jefferson County, Alabama.

She is over the age of forty (40).

4.      Defendant is a company doing business in Jefferson County, Alabama.  At all

times relevant hereto, the Defendant has maintained and operated a business in Alabama.  The

Defendant is engaged in an industry affecting interstate commerce, has had fifteen (15) or more

employees at all times relevant hereto and is an employer within the meaning of 42 U.S.C.

§2000e (b), (g) and (h).

**ADMINISTRATIVE EXHAUSTION**

5.      Forge-Hatcher timely filed her charge of discrimination against Defendant with

the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act(s)

of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her

right-to-sue letter.  Plaintiff claims under 42 U.S.C. § 1981 do not require administrative

exhaustion and are subject to 28 U.S.C. § 1658's four-year statute of limitations.

**FACTUAL ALLEGATIONS**

6.      Ms. Forge-Hatcher is a sixty-year-old African-American female.

7.      The Plaintiff began working for the Defendant in or around 2012 as a Mortgage

Appraisal Reviewer Underwriter.  Her job duties included reviewing mortgage property

appraisals and making decisions as to whether the appraisals should be approved or rejected.

Plaintiff's current position is Home Equity Appraisal Reviewer Underwriter.

8.      In or around August or September 2019, Defendant promoted Jonathan Walsky

[white male] to the position of Appraisal Review Manager.  Forge-Hatcher was not considered

for the position even though she had worked in the department for at least seven-years prior to

Mr. Walsky's promotion. As Appraisal Review Manager, Mr. Walsky became Ms. Forge-

Hatcher's manager.

9.      Plaintiff spoke to Rohini Ashruff, an HR representative, about why she was not

considered for the position, given that she had trained employees on the appraisal review process

and had subject matter-specific knowledge of the department and its inner-workings.

10.      Ms. Ashruff told Plaintiff that Mr. Walsky was a better fit for the position

because he managed the Vendor Group; however, he had no appraisal review management

experience.  In other words, Mr. Walsky had no subject matter-specific experience.

11.      Prior to Mr. Walsky becoming her manager, the Plaintiff performed the duties and

responsibilities of the position without complaint from any source.

12.      In March 2020, the Plaintiff received her 2019 yearly review from Mr. Walsky,

who had only been her manager for four months.  Mr. Walsky gave Plaintiff a less than

favorable performance review, which she contested with Defendant's HR department officials.

13.      The Plaintiff advised the Defendant that she had been treated unfairly and was

being discriminated against.  After speaking with management, the Defendant began retaliating

against the Plaintiff.  Specifically, she received a coaching on June 26, 2020, which was

backdated to March 24, 2020.

14.      The coaching was given to the Plaintiff for an alleged performance-based issue;

however, Barron Polk [white male] had serious performance issues, but received no discipline.

Mr. Polk is considerably younger than the Plaintiff.

15.      On September 25, 2020, Johnny Pearce [white male] and Mark Goodwin [white

male] became the Manager and the Team Lead in the Plaintiff's department, respectively.

Again, Ms. Forge-Hatcher was not considered for either of these positions.  Upon information

and belief, Mr. Pearce and Mr. Goodwin are at least seven years younger than the Plaintiff.

## CAUSES OF ACTION

## COUNT I

### RACE AND SEX DISCRIMINATION IN
### VIOLATION OF TITLE VII

16.    Defendant violated Plaintiff's rights under Title VII by passing her over for

promotions to managerial position because of her race and/or gender.

17.    Alternatively, discrimination on the basis of race and/or gender was a motivating

factor for the Defendant's actions towards the Plaintiff.

18.    As a result of the above-described discriminatory acts, Plaintiff has been made to

suffer lost wages and benefits, as well as emotional distress and mental anguish.

WHEREFORE, these premises considered, Plaintiff respectfully requests the following:

(i)     That the Court issue an Order declaring that Defendant's acts as described
        herein violated Title VII;

(ii)    That the Court enter an Order requiring Defendant to make Plaintiff whole
        by placing her in the position she would have occupied in the absence of
        discrimination (or front pay), providing back pay with interest, and ordering
        Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)   That the Court grant Plaintiff a permanent injunction enjoining Defendant
        and its agents, employees, successors, and those acting in concert with Defendant,
        from further violation of Plaintiff's rights under Title VII;

(iv)    That the Court award Plaintiff pre-judgment and post-judgment interest at
        the highest rates allowed by law and an amount to compensate her for any adverse
        tax consequences as a result of a judgment in her favor; and,

(v)     That the Court award such other legal and equitable relief as justice
        requires, including, but not limited to, an award of costs, attorney's fees,

expert witness fees, and expenses.

## COUNT II

### RACE DISCRIMINATION
### IN VIOLATION OF 42 U.S.C. § 1981

19.     The Defendant violated Plaintiff's rights under §1981 by passing her over for

promotions to Manager's positions because of her race.

20.     As a result of the above-described discriminatory acts, Plaintiff has been made to

suffer lost wages and benefits, as well as emotional distress and mental anguish.

WHEREFORE, these premises considered, Plaintiff respectfully requests the following:

(i)     That the Court issue an Order declaring that Defendant's acts as described
        herein violated 42 U.S.C. § 1981;

(ii)    That the Court enter an Order requiring Defendant to make Plaintiff whole
        by placing her in the position she would have occupied in the absence of
        discrimination (or front pay), providing back pay with interest, and ordering
        Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)   That the Court grant Plaintiff a permanent injunction enjoining Defendant,
        and its agents, employees, successors, and those acting in concert with Defendant,
        from further violation of Plaintiff's rights under 42 U.S.C. § 1981;

(iv)    That the Court award Plaintiff pre-judgment and post-judgment interest at
        the highest rates allowed by law and an amount to compensate her for any adverse
        tax consequences as a result of a judgment in her favor; and,

(v)     That the Court award such other legal and equitable relief as justice
        requires, including, but not limited to, an award of costs, attorney's fees, expert
        witness fees, and expenses.

## COUNT III

### AGE DISCRIMINATION IN VIOLATION OF
### THE ADEA

21.     Plaintiff was subjected to unequal treatment regarding her employment because of

her age, 60.

22.     Defendant discriminated against the Plaintiff on the basis of age in promotions

and other terms and conditions of employment.

23.     As a direct consequence of Defendant's discriminatory actions, Plaintiff has

suffered loss of income and employment benefits, loss of prestige and opportunity for

advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and

distress.

WHEREFORE, the Plaintiff respectfully prays that this Court:

(i)     Issue a declaratory judgment that the Defendant's acts, policies, practices, and
        procedures complained of herein have violated and continue to violate the rights
        of the Plaintiff as secured by the Age Discrimination in Employment Act,
        as amended, 29 U.S.C. § 621, *et seq.*, 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §
        2000e-3(a);

(ii)    Grant the Plaintiff a permanent injunction enjoining Defendant, its agents,
        successors, employees, attorneys and those acting in concert with Defendant and
        at the defendant's request from continuing to violate the Plaintiff's rights;

(iii)   Enter an Order requiring the Defendant to make the Plaintiff whole by granting
        her appropriate declaratory and injunctive relief, and back pay, (plus interest), as
        well as nominal, liquidated damages, and other benefits of employment; and,

(iv)    Plaintiff further prays for such other relief and benefits as the cause of justice
        may require, including but not limited to, an award of costs, attorney's fees and
        expenses.

## COUNT IV

### RETALIATION IN VIOLATION OF TITLE VII
### AND 42 U.S.C. § 1981

24.     Plaintiff complained to Defendant's management officials that she had been

racially discriminated against.

25.     In response to Plaintiff's opposition to and reporting of racial discrimination, Defendant retaliated against Plaintiff by writing her up.

26.     But for Plaintiff's engagement in protected activity, she would not have suffered the materially adverse employment actions taken against her by the Defendant.

27.     Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

28.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

29.     Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY

Respectfully submitted,

/s/Roderick T. Cooks
ASB-5819-078R

/s/Robert L. Beeman, II
ASB-1838-E63R

Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel: (205) 502-0970
Fax: (205) 278-5876
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Carol J. Forge-Hatcher

c/o WINSTON COOKS, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203
Tel:  (205) 502-0970
Fax: (205) 278-5876
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Regions Bank Corporate Headquarters
Regions Bank
1900 Fifth Avenue North
Birmingham, Alabama 35203